NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE: MARIAN S.

No. 1 CA-MH 25-0187

FILED 05-13-2026

Appeal from the Superior Court in Maricopa County
No. MH2025-006857
The Honorable Steven K. Holding, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Sean M. Moore
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

**C A T T A N I**, Judge:

¶1        Marian S. ("Patient") appeals an order committing her for involuntary mental health treatment.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In January 2025, Patient was arrested for possession of methamphetamine.  She admitted to using methamphetamine regularly and to having recently been in prison for a drug possession conviction.  Patient told officers that she regularly smoked methamphetamine, and that she was "allowed" to do so.

¶3        Patient has a history of behavioral health issues.  After the State filed criminal charges, she was found incompetent to stand trial and not restorable based on competency evaluations that, in part, discussed Patient's non-compliance with treatment.  At the court's direction, the prosecuting attorney in Patient's criminal case petitioned for a court-ordered evaluation for involuntary commitment, *see* A.R.S. § 36-523, and the court appointed an attorney to represent Patient in the civil commitment proceedings, *see* A.R.S. § 36-529(A).

¶4        In late July 2025, Dr. Orla Weinhold filed a petition for court-ordered treatment, alleging that Patient was persistently or acutely disabled and unwilling or unable to accept voluntary treatment.  *See* A.R.S. § 36-540(A)(2), (3).  The petition attached affidavits from mental health experts—Drs. Weinhold and Lydia Torio.  *See* A.R.S. § 36-533(B).  The affidavits stated that, even after being medicated, Patient remained psychotic and reported delusional statements.  Both affidavits further stated that, when Patient was not incarcerated or hospitalized, she was not compliant with medications and appeared to decompensate.  Dr. Weinhold opined that Patient required inpatient treatment for stabilization of her medication.  The petition sought a combination of inpatient and outpatient mental health treatment.  *See* A.R.S. § 36-540(A)(2).

¶5        The court held an evidentiary hearing, during which  the parties stipulated to the admissibility of the affidavits attached to the petition,  and three witnesses testified to their observation of Patient.  The court then found by clear and convincing evidence that Patient was persistently or acutely disabled, needed psychiatric treatment, and was unwilling or unable to accept voluntary treatment.  The court ordered a combination of inpatient and outpatient treatment, with inpatient treatment not to exceed 180 days.

¶6          Patient timely appealed, and we have jurisdiction under A.R.S. §§ 36-546.01 and 12-2101(A)(10).

**DISCUSSION**

¶7          Patient argues that the court erred by concluding that she was unwilling or unable to accept voluntary treatment under A.R.S. § 36-540(A). Patient asserts that because "all live witnesses" testified that she was "medication-compliant, acknowledged her diagnoses, and expressed willingness to continue treatment," the court erred by finding there was clear and convincing evidence that she was unwilling or unable to accept treatment voluntarily. Patient alleges that the evidence instead supports her "intent (and desire) to continue with medication management and compliance" and reflects that she hoped to adjust, rather than stop, medications that caused side effects.

¶8          We view the facts in the light most favorable to upholding the court's ruling, and we will not reverse an order for involuntary treatment unless it is clearly erroneous and unsupported by any credible evidence. *In re MH2009-002120*, 225 Ariz. 284, 290, ¶ 17 (App. 2010). We review issues of law de novo. *See In re MH2010-002637*, 228 Ariz. 74, 78, ¶ 13 (App. 2011) (citing cases).

¶9          Involuntary treatment may be imposed "if the court finds by clear and convincing evidence that the proposed patient, as a result of mental disorder, [(1)] . . . has a persistent or acute disability . . . and is in need of treatment, and [(2)] is either *unwilling or unable* to accept voluntary treatment." A.R.S. § 36-540(A) (emphasis added). Here, Patient does not challenge the first requirement but rather asserts that there was insufficient evidence to find that she was unwilling or unable to accept voluntary treatment.

¶10          Although one report stated that Patient was fully compliant with the court-ordered medication and was attending her mental health appointments, other evidence supports the court's finding that Patient was unwilling or unable to accept voluntary treatment. A mental health expert expressed a concern that Patient's medication regimen was not working because her symptoms appeared to be worsening over time. Both expert affidavits indicated that Patient had historically been noncompliant with her mental health treatment, and when she was not incarcerated or hospitalized, she did not take her prescribed medications regularly and appeared to decompensate.

¶11         The evidence thus supports the superior court's finding that Patient was unwilling or unable to accept voluntary treatment.

## CONCLUSION

¶12         We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR